DONALD SPECTER (SBN 83925)
CORENE KENDRICK (SBN 226642)
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com
ckendrick@prisonlaw.com

Attorneys for Plaintiffs, *on behalf of themselves and others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL YOUNG, *et al.*,<br><br>on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA,<br><br>   Defendant. | Case No. 5:20-cv-06848-NC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date:  February 24, 2021<br>Time:  2:00 pm<br>Judge: Hon. Nathanael Cousins<br><br>Complaint Filed: Sept. 30, 2020 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT on February 24, 2021 at 2:00 Plaintiffs will and hereby do move this Court Pursuant to Federal Rule of Civil Procedure 23(h) for an order awarding Plaintiffs' counsel attorneys' fees and costs. This unopposed Motion is supported by the record before the Court, the following Memorandum of Points and Authorities, and the accompanying Declaration of Donald Specter.

Dated:  October 27, 2020

Respectfully submitted,

*/s/ Corene T. Kendrick*
Corene T. Kendrick
*Attorney for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs hereby move for attorneys' fees and out-of-pocket expenses in the amount of $396,543.00. Defendant agrees that this amount is reasonable, and agreed to not oppose this motion. *See* Doc. 7, ¶ 39. This amount reimburses Plaintiffs' counsel for their actual hours spent and out-of-pocket expenses. As detailed below, the amount is fair and reasonable in light of the results obtained, the lengthy and detailed settlement negotiations over four years, and the difficulty and complexity of the issues involved. The fees are for the work necessary to achieve a favorable resolution that remedies constitutional violations affecting the health and welfare of people incarcerated in Defendant's jail facilities.

In 2016, the Prison Law Office began a detailed investigation into the conditions in Contra Costa County jail facilities. *See* Doc. 5-2, ¶ 3. In August 2016, Plaintiffs' counsel sent the Contra County Sheriff's Office and Office of County Counsel a demand letter outlining the deficiencies identified in the delivery of health care, accommodations for people with disabilities, the overuse of and conditions of segregation, and practices related to the use of force, indicating that Plaintiffs' counsel were prepared to file litigation regarding the conditions. *Id.* In March 2017, Plaintiffs' counsel and the County entered into a structured negotiation agreement ("SNA") as an alternative to imminent litigation. *Id.*

To date, Plaintiffs' counsel has devoted over four years to meeting, corresponding with, and interviewing people detained at the jail, reviewing and analyzing health care records, reviewing policies and procedures, and meeting and negotiating with Defendant pursuant to the SNA. After considerable time and resources securing subject matter expert input, and negotiating the terms of the Consent Decree and Remedial Plans, the parties have settled this matter with minimal court intervention. The Court has set a hearing for final approval of the Consent Decree on February 24, 2021. Doc. 20.

As the Consent Decree notes, the parties have resolved the issue of Plaintiffs' fees and costs. Doc. 7, ¶ 39. As of September 4, 2020, Plaintiffs' counsel had expended over 770 compensable professional hours, and had incurred $1,308 in case-related expenses.

Specter Decl., ¶ 3.  The Consent Decree provides that "Plaintiffs are the prevailing party in this litigation," and by compromise Defendant agreed to pay Plaintiffs' counsel $396,543 "as their reasonable fees and expenses incurred from the date that Plaintiffs' counsel commenced an investigation into conditions at the Contra Costa County Jails through Final Approval of the Consent Decree . . . ." Doc. 7, ¶ 39.

The parties agreed to resolve Plaintiffs' counsel's compensation for reasonable time and expenses relating to forthcoming monitoring of the Consent Decree and Remedial Plans.  Doc. 7, ¶ 40.  The Consent Decree states that "Plaintiffs' counsel shall submit a detailed invoice for their fees and expenses (including the date, amount of time spent, and a general description of each task) at the end of every quarter and Defendant shall pay the reasonable amount requested by Plaintiffs' counsel within 45 calendar days of receipt of each invoice." *Id*.  Plaintiffs' counsel's fees and expenses are capped at $175,000 per calendar year during the first two years of monitoring, after which the parties shall confer about any adjustment to the cap. *Id*. The parties have also agreed that Defendant will pay Plaintiffs' counsel's reasonable rates for any litigation required to enforce or defend the Consent Decree or Remedial Plans, if Plaintiffs are the prevailing party. *Id*., ¶ 41.

Pursuant to Federal Rule of Civil Procedure 23(h), class members must be provided with notice and an opportunity to comment on any motion for fees.  The proposed class notice filed with the Joint Motion for Preliminary Approval provides such notice consistent with Rule 23.  This Motion for Attorneys' Fees and Expenses should be heard at the same time as the hearing on the motion for final approval of the Consent Decree, which the Court has scheduled for February 24, 2021 at 2:00 pm.

## II. ARGUMENT

### A. The Parties Have Agreed to an Award of Attorneys' Fees and Costs.

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  The parties agreed to an award of fees and costs of

$396,543.00, which represents a recovery of Plaintiffs' counsel's time and out-of-pocket expenses actually paid by counsel in procuring the Consent Decree. Specter Decl., ¶ 3. Defendant's counsel has indicated that they will not oppose this Motion. *Id.*, ¶ 1 n.1.

As the parties' fee agreement does not reduce any relief to be provided to the Class, and there is no evidence of collusion between Plaintiffs' counsel and Defendant, the agreement as to attorneys' fees "is accorded great weight." *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 482 (S.D. Cal. 2013). The Court's task in evaluating a negotiated settlement is "simply to determine whether the negotiated fee is facially fair and reasonable." *Hernandez v. Kovacevich "5" Farms*, No. 1:04-CV-5515 OWW DLB, 2005 WL 2435906, at *8 (E.D. Cal. Sept. 30, 2005); *see also Officers for Justice v. Civil Serv. Comm'n of City and Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties ... must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.").

As explained below, the fee agreement is fair and reasonable, and the Court should award Plaintiffs' counsel the agreed-upon sum pursuant to Rule 23(h).

**B. The Requested Award Is Fair and Appropriate.**

Plaintiffs' request for compensation reasonably reflects the time necessary to manage and litigate this case. Courts use the lodestar method to calculate attorneys' fees, by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate," *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016), and "[t]here is a strong presumption that the lodestar figure is reasonable . . . ." *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992); *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (same). To determine the appropriate lodestar figure, courts evaluate the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the

> preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Graves v. Arpaio*, 633 F. Supp. 2d 834, 842 (D. Ariz. 2009), *aff'd*, 623 F.3d 1043 (9th Cir. 2010) (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). *Kerr* factors 1 through 4 are taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation. *Graves*, 633 F. Supp. 2d at 846. Factor 6 was once used to determine reasonableness, but the Supreme Court has moved away from considering the fixed or contingent nature of the fee being charged. *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992) ("Contingency enhancement is therefore not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee."). Factors 5, and 7 through 12, are considered in determining whether to adjust the presumably reasonable lodestar figure upward or downward. *See Graves*, 633 F. Supp. 2d at 847.

Here, factors 1 through 4 all support Plaintiffs' request, and factors 5, and 7 through 12, show no basis for adjusting the lodestar figure, nor have the Parties requested such adjustment. The requested fee award should be approved in light of the "strong presumption that the lodestar figure is reasonable," and courts' mandates that "adjustments are to be adopted only in exceptional cases." *Oviatt*, 954 F.2d at 1482; *accord Morales*, 96 F.3d at 363 n.8.

**C. The Agreed-Upon Lodestar Figure Is Reasonable.**

    **1. Plaintiffs' Counsel Reasonably Expended Significant Time and Labor.**

The fee request reasonably reflects the time and labor required to litigate and resolve this matter. This is a complex civil rights class action brought on behalf of the hundreds of people detained in the County's jails and all people to be detained in the jails in the future. This action raised serious constitutional and legal questions, and will result in significant changes to Defendant's policies, practices, and procedures. Obtaining this result required

review and analysis of numerous jail policies and procedures as well as individual health care and custody records, interviews and communications with people incarcerated at the jail, multiple jail inspections, detailed expert analyses, and numerous settlement negotiation meetings.  Settlement discussions were conducted at arms-length and were informed in substantial part by the written reports of four neutral experts who evaluated policies, procedures, practices, and conditions at the Jail.  Doc 5-2, ¶¶ 5-7. These reports detailed deficiencies that required remedial action.  *Id*.

The agreed-upon fee award was calculated pursuant to the lodestar method, as consistent with accepted practice.  *See Morales*, 96 F.3d at 363.  Plaintiffs' counsel kept contemporaneous time records that detail all work completed on the case.  Specter Decl. ¶ 4. The parties agreed upon a compromise in which Plaintiffs' counsel's fees would be calculated based on partially reduced hourly rates.  *Id*. ¶ 3. Thus, the attorney fees (and rates for paralegals and investigators) were less than the San Francisco Bay Area market rates charged to private clients.  *Id*.  Though counsel represented the Plaintiffs without charge, counsel exercised the same billing judgment and discretion accorded to private clients.  *Id*. ¶ 5; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours … [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original).

Therefore, the requested fee award fairly reflects the time and labor required to litigate this complex case, and should be approved.

**2. This Case Has Posed Novel and Difficult Questions.**

The requested fee award fairly reflects the novelty and difficulty of the questions presented. Plaintiffs' claims presented difficult questions of law and fact, including the quality of health care required, the jails' classification system, and suicide prevention practices.  Although the legal principles involved in Plaintiffs' claims have been litigated in other jail condition cases, applying them to the class of people in the Contra Costa County

jails proved complex.  For example, embedded in these difficult questions were the issues of how Defendant would meet its constitutional obligations and implement the Remedial Plans within its budgetary and physical plant constraints.  Plaintiffs' counsel reasonably expended time and resources to address these and many other important issues.

### 3. The Legal and Factual Issues are Complex and Required Plaintiffs' Counsel's Skill and Experience.

Marshalling evidence on a wide range of complex issues and engaging Defendant in settlement negotiations in a case of substantial magnitude required considerable skill. Plaintiffs' counsel are highly experienced in civil rights and impact litigation on behalf of incarcerated people.  Doc. 5-2, ¶ 2.

### 4.  Plaintiffs' Counsel's Work on this Matter Precluded Other Work.

Plaintiffs' counsel made a significant investment of time for more than four years in this matter.  As a result, their ability to take on other cases was negatively affected.  Specter Decl. ¶ 6.

## D. The Court Need Not Adjust the Agreed-Upon Lodestar Figure.

The remaining *Kerr* factors not subsumed in the initial lodestar calculation also support the amount of fees sought, and no upward or downward adjustment is sought.  First, Plaintiffs' counsel faced time limitations to reach agreement and develop Remedial Plans so that they could be implemented to ameliorate the conditions in the jail facilities. Second, the results obtained through the Consent Decree and Remedial Plans are highly favorable to class members in improving day-to-day conditions in the County's jails.  Third, Plaintiffs' counsel are experienced and capable advocates.  Doc. 5-2, ¶ 2.  Fourth, class actions "on behalf of prisoners involving the conditions of confinement are exceedingly fact-intensive, time-consuming, and expensive to litigate" and are therefore "undesirable."  *Graves*, 633 F. Supp. 2d at 847.  Fifth, Plaintiffs' counsel's relationship with class members has been longstanding and involved extensive communications with people detained in the jails. Finally, although the amount of fee awards in prison and jail class actions vary widely based

on the scope of the remedies and the duration of the case, the fee sought is consistent with what has been paid in other cases.

### E. Plaintiffs' Counsel Is Entitled to Recover Expenses Advanced to Prosecute and Protect the Interests of the Class.

A prevailing party in federal litigation brought under 42 U.S.C. § 1983 is entitled to recover all "reasonable out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v Marhoefer*, 24 F.3d 16, 19 (9th Cir 1994) (internal quotation marks and citations omitted); *Woods v. Carey*, 722 F.3d 1177, 1179, n.1 (9th Cir. 2013).

All out-of-pocket expenses in this case were advanced by Plaintiffs' counsel, and total a reasonable $1,308. Specter Decl. ¶ 5. Such expenses "would normally be charged to a fee paying client." *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). An award of this amount is justified and appropriate.

### III.   CONCLUSION

The agreed-upon award for attorneys' fees and expenses is fair and reasonable. Accordingly, Plaintiffs respectfully request that the Court issue an order awarding Plaintiffs $385,543 in fees and expenses, and up to $175,000 per calendar year for monitoring compliance with the Consent Decree. A proposed Order is attached.

Dated: October 27, 2020

Respectfully submitted,

*/s/ Corene T. Kendrick*
Corene T. Kendrick
*Attorney for Plaintiffs*