1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL YOUNG, *et al.*, <br><br> on behalf of themselves and all others similarly situated, <br><br>      Plaintiffs, <br><br> v. <br><br> COUNTY OF CONTRA COSTA, <br><br>      Defendant. | Case No. 5:20-cv-06848-NC <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** <br><br><br> Complaint Filed: September 30, 2020 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter comes before the Court upon consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses ("Motion").  Having considered the briefing in support of the Motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to **GRANT** the Motion.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of the Motion was made available to all class members upon request. Class members were afforded an opportunity to comment or object to the Motion, and this Court held a hearing on the Motion.

After review of all briefing and evidence presented, this Court finds that the agreed-upon award of $396,543 is fair and reasonable.  In this case, Plaintiffs sought to address the quality of health care provided to people detained in Defendant's jails, the jails' classification system, and suicide prevention practices.  The Consent Decree, the Remedial Plans, and the remedial actions that Defendant has already instituted do just that, and require Defendant to implement specific policies, procedures, and practices to address these concerns.  To get these results, Plaintiffs' counsel devoted more than four years to investigating this case; meeting, corresponding with, and interviewing people in the jails; reviewing and analyzing records and policies; and meeting and negotiating with Defendant to develop the Consent Decree and Remedial Plans.

The Court further finds that the fee request is reasonable and necessary, and was appropriately calculated pursuant to the lodestar method, in accord with controlling Ninth Circuit authority.  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975).  The award reasonably reflects the time and labor required to litigate and resolve this matter, the novelty and difficulty of the legal questions presented, and the required skill to litigate the case.

Accordingly, the request for $396,543 in attorneys' fees and expenses is approved as fair, adequate, and reasonable, and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses is **GRANTED**.

**IT IS HEREBY ORDERED THAT**:

1.      Defendant is ordered to pay Plaintiffs' counsel $396,543 for reasonable attorneys' fees, expenses and costs.  Payment shall be made within sixty (60) days of this Order.

2.      Defendants are ordered to pay Plaintiffs' counsel reasonable attorneys' fees and expenses up to $175,000 per calendar year for monitoring of the Consent Decree and remedial plans for the first two years of the Consent Decree (2021 and 2022).  After the first two years of the Consent Decree, the parties shall confer about any adjustment to the cap.   Plaintiffs' counsel shall submit a detailed invoice for their fees and expenses (including the date, amount of time spent, and a general description of each task) at the end of every quarter, and Defendant shall pay the reasonable amount requested by Plaintiffs' counsel within 45 calendar days of receipt of each invoice.

**IT IS SO ORDERED.**

Dated: _____                _____

                                                                        Hon. Nathanael Cousins